# UNITED STATES DISTRICT COURT

for the

Western District of Washington

<table>
<tr><td>
In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Subject Google accounts: gailmclean49 gburnworth983, ritadown19, gailmclean19, ritadownunder37, ritadown50, michaelkellar01; subject Comcast account michaelkellar
</td><td>
)<br>)<br>)<br>)<br>)<br>)
</td><td>
Case No. MJ17-5166
</td></tr>
</table>

**FILED** ____ **LODGED**
____ **RECEIVED**

**SEP 29 2017**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
The subject Google account and subject Comcast account as further described in Attachment A, which is attached hereto and incorporated herein by this reference.

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B and C, which is attached hereto and incorporated herein by this reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. § 2252 (a)(2) | Receipt or distribution of child pornography |
| Title 18, U.S.C. § 2252(a)(4)(B) | Possession of child pornography |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

**SPECIAL AGENT INGRID ARBUTHNOT-STOHL, FBI**
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  9/29/2017

_____
*Judge's signature*

City and state:  TACOMA, WASHINGTON

**DAVID W. CHRISTEL, U.S. MAGISTRATE JUDGE**
*Printed name and title*

2017R00821

**ATTACHMENT A**

**Accounts to be Searched**

The electronically stored data, information and communications contained in, related to, and associated with, including all preserved data under reference numbers 1163635, 1163637, and 1163836, associated with Google accounts gailmclean49@gmail.com, gburnworth983@gmail.com, ritadown19@gmail.com, gailmclean19@gmail.com, ritadownunder37@gmail.com, ritadown50@gmail.com, and michaelkellar01@gmail.com, as well as all other subscriber and log records associated with the accounts, which are located at premises owned, maintained, controlled or operated by Google, an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

The electronically stored data, information and communications contained in, related to, and associated with, including all preserved data associated with Comcast Cable Communications account michaelkellar@comcast.net, as well as all other subscriber and log records associated with the account, which are located at premises owned, maintained, controlled or operated by Comcast Cable Communications, an email provider headquartered at 650 Centerton Road, Moorestown, NJ 08057.

ATTACHMENT A - 1
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

**I.     Section I - Information to be disclosed by Google for search:**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, including any emails, records, files, logs, or information that has been deleted but is still available to Google.   Google is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.     The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email, and any attachments to such emails;

b.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.     The types of service utilized;

d.     All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, instant messages, and instant messenger contact information, calendar data, pictures, and files.

e.     All records pertaining to communications between Google and any person regarding the account, including contacts with support services and records of actions taken.

**II.     Section II - Information to be seized by the government**

All information described above in Section I that constitutes contraband, evidence, fruits, or instrumentalities of the following crimes committed in or after June 2016: 18 U.S.C. § 2251(a), (e) (Conspiracy to Produce Child Pornography), 18 U.S.C. § 2252(a)(2)

ATTACHMENT B - 1
USAO #2017R00821

1  (Receipt or Distribution of Child Pornography), 18 U.S.C. § 2252(a)(4)(B) (Possession of

2  Child Pornography), and 18 U.S.C. § 2422(b) (Attempted Enticement of a Minor),

3          a.      All email or other communications related to visual depictions of

4  minors engaged in sexually explicit conduct or the sexual exploitation/abuse of minors;

5          b.      All email or other communications related to the conspiracy to produce

6  child pornography involving MICHAEL KELLAR and GAIL BURNWORTH, including
those that identify the participants or acts committed in furtherance of that conspiracy;

7          c.      All visual depictions of minors engaged in sexually explicit conduct;

8

9          d.      All messages, documents, and profile information, attachments, or other

10  data that serves to identify any persons who use or access the account specified, or who
exercise in any way any dominion or control over the specified account;

11

12          e.      Any address lists or buddy/contact lists associated with the specified

13  account;

14

15          f.      All subscriber records associated with the specified account, including
name, address, local and long distance telephone connection records, or records of session

16  times and durations, length of service (including start date) and types of service utilized,
telephone or instrument number or other subscriber number or identity, including any

17  temporarily assigned network address, and means and source of payment for such service)
including any credit card or bank account number;

18

19          g.      Any and all other log records, including IP address captures, associated

20  with the specified account; and

21

22          h.      Any records of communications between Google and any person about
issues relating to the account, such as technical problems, billing inquiries, or complaints

23  from other users about the specified account.  This to include records of contacts between the

24  subscriber and the provider's support services, as well as records of any actions taken by the
provider or subscriber as a result of the communications.

25

26  **Notwithstanding the criminal offenses defined under 18 U.S.C. § 2252 and 2252A or
any similar criminal offense, Google shall disclose information responsive to this**

27  **warrant by mailing it to Federal Bureau of Investigation, Attn: Special Agent Ingrid
Arbuthnot-Stohl at 1110 Third Ave, Seattle, WA 98101 or via email to iarbuthnot-**

28  **stohl@fbi.gov.**

ATTACHMENT B - 2
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT C**

**I.     Section I - Information to be disclosed by Comcast Cable Communications for search:**

To the extent that the information described in Attachment A is within the possession, custody, or control of Comcast, including any emails, records, files, logs, or information that has been deleted but is still available to Comcast.   Comcast is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.     The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email, and any attachments to such emails;

b.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.     The types of service utilized;

d.     All records pertaining to communications between Comcast and any person regarding the account, including contacts with support services and records of actions taken.

**II.     Section II  - Information to be seized by the government**

All information described above in Section I that constitutes contraband, evidence, fruits, or instrumentalities of the following crimes committed in or after June 2016: 18 U.S.C. § 2251(a), (e) (Conspiracy to Produce Child Pornography), 18 U.S.C. § 2252(a)(2) (Receipt or Distribution of Child Pornography), 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography), and 18 U.S.C. § 2422(b) (Attempted Enticement of a Minor),

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      All email or other communications related to visual depictions of minors engaged in sexually explicit conduct or the sexual exploitation/abuse of minors;

b.      All email or other communications related to the conspiracy to produce child pornography involving MICHAEL KELLAR and GAIL BURNWORTH, including those that identify the participants or acts committed in furtherance of that conspiracy;

c.      All visual depictions of minors engaged in sexually explicit conduct;

d.      All messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the account specified, or who exercise in any way any dominion or control over the specified account;

e.      All subscriber records associated with the specified account, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

f.      Any and all other log records, including IP address captures, associated with the specified account; and

g.      Any records of communications between Google and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account. This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

**Notwithstanding the criminal offenses defined under 18 U.S.C. § 2252 and 2252A or any similar criminal offense, Google shall disclose information responsive to this warrant by mailing it to Federal Bureau of Investigation, Attn: Special Agent Ingrid Arbuthnot-Stohl at 1110 Third Ave, Seattle, WA 98101 or via email to iarbuthnot-stohl@fbi.gov.**

ATTACHMENT C - 2
USAO #2017R00821

# **A F F I D A V I T**

STATE OF WASHINGTON )
                     )   ss
COUNTY OF PIERCE     )

I, Ingrid Arbuthnot-Stohl, being first duly sworn, depose and state as follows:

## **INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the Special Agent in Charge in Seattle, Washington.  I have been an agent with the FBI since December 2010.  As part of my daily duties as an FBI agent, I investigate criminal violations relating to child exploitation and child pornography, including violations of Title 18, United States Code §§ 2251(a), 2252A, 2422, and 2423.  I have received training in the area of child pornography and child exploitation, and have observed and reviewed numerous examples of child pornography in numerous forms of media, including media stored on digital media storage devices such as computers, iPhones, etc.  I have also participated in the execution of numerous search warrants involving investigations of child exploitation offenses.  I have participated in numerous operations targeting the trafficking of women and children for prostitution, and am versed in the methods and motivations of those who sexually exploit women and children for financial gain.  I am a member of the Seattle Internet Crimes Against Children (ICAC) Task Force in the Western District of Washington, and work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children.

2.      I make this affidavit in support of an application for a search warrant for information associated with the following email accounts:  gailmclean49@gmail.com, gburnworth983@gmail.com, ritadown19@gmail.com, gailmclean19@gmail.com, ritadownunder37@gmail.com, ritadown50@gmail.com, and michaelkellar01@gmail.com (SUBJECT GOOGLE ACCOUNTS), that is stored at premises controlled by Google, an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California,

1   94043, as well as information associated with the email account michaelkellar@comcast.net
2   (SUBJECT COMCAST ACCOUNT), that is stored at the premises controlled by Comcast
3   Cable Communications, an email provider headquartered at 650 Centerton Road,
4   Moorestown, NJ 08057. The information to be searched is described in the following
5   paragraphs and in Attachment A. This affidavit is made in support of an application for a
6   search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require
7   Google and Comcast to disclose to the government copies of the information (including the
8   content of communications) further described in Section I of Attachment B (Google) and
9   Attachment C (Comcast). Upon receipt of the information described in Section I of
10  Attachment B and Attachment C, government-authorized persons will review that
11  information to locate the items described in Section II of Attachment B and Attachment C.
12          3.      The facts set forth in this Affidavit are based on my own personal knowledge;
13  knowledge obtained from other individuals during my participation in this investigation,
14  including other law enforcement officers; review of documents and records related to this
15  investigation; communications with others who have personal knowledge of the events and
16  circumstances described herein; and information gained through my training and experience.
17  Because this Affidavit is submitted for the limited purpose of establishing probable cause in
18  support of the application for a search warrant, it does not set forth each and every fact that I
19  or others have learned during the course of this investigation.
20          4.      Based on my training and experience and the facts as set forth in this affidavit,
21  there is probable cause to believe that violations of 18 U.S.C. § 2251(a), (e) (Conspiracy to
22  Produce Child Pornography), 18 U.S.C. § 2252(a)(2) (Receipt or Distribution of Child
23  Pornography), 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography), and 18 U.S.C.
24  § 2422(b) (Attempted Enticement of a Minor) (the TARGET OFFENSES) have been
25  committed by GAIL BURNWORTH and MICHAEL KELLAR and that evidence, fruits,
26  contraband, or instrumentalities of the TARGET OFFENSES as described in Attachments B
27  and C will be found in the information described in Attachment A.
28

# THE INVESTIGATION

5.    This investigation originated with the San Jose Police Department, Silicon Valley ICAC Task Force. I reviewed reports from the San Jose Police Department, and the following is a summary of information gleaned from those reports:

a.    On July 31, 2017, Det. Jourdenais of the San Jose Police Department was dispatched to the San Jose Minetta International Airport. Upon arriving at the airport, he learned that a reporting witness (RW) approached police about an incident that occurred on her flight from Seattle, Washington to San Jose. RW saw an adult male seated in front of her using a cell phone to text another person. RW became concerned when the messages, which RW could clearly read, appeared to broach the subject of child molestation. RW used her cell phone to take pictures of the suspect's cell phone and his conversation. RW showed the pictures to the police and emailed copies were forwarded to Det. Jourdenais.

b.    Det. Jourdenais reviewed those photos, which showed a conversation between the suspect and someone named "Gail." The suspect and Gail were discussing plans for Gail to video herself pulling down an unknown child's underwear, rubbing the child's genitalia, and sending the video to the suspect. The screen shots also show Gail saying that she needed to wait for "the parents" to be away, and that she had the kids on Sunday.

c.    Det. Jourdenais encountered the suspect, later identified as MICHAEL KELLAR at the airport. After a brief discussion and explanation of RW's concerns, KELLAR agreed to hand over his cell phone and to accompany officers to the San Jose Police Department for an interview. Police transported KELLAR in an unmarked police car. KELLAR was not handcuffed and was told that he was not under arrest. In a recorded interview, KELLAR provided the following information.

d.    KELLAR said he had been traveling from Seattle to San Jose for work. He explained he lived in Tacoma, Washington, and was divorced with two children. KELLAR explained that he wanted to be as helpful as possible. KELLAR said that he could understand RW's concern because the person with whom he was texting was very kinky and the two of them were discussing "scat" videos. In response to the questions about the mention of children, KELLAR explained that Gail lived with K.B. and his wife, and that K.B. had several children, two of whom were "young children."

e.    KELLAR said that the only cell phone that he had on his person was his personal cell phone and that it was locked with a passcode. KELLAR agreed to let the police examine his phone and provided the password.

f.    Det. Jourdenais used a forensic cell phone analysis tool to analyze KELLAR's phone. Included in the forensic report were deleted messages between KELLAR

Affidavit of Ingrid Arbuthnot-Stohl- 3
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

and an unknown cell phone number.  At one point during the text exchange, KELLAR refers to the other person as "Gail." Among KELLAR's contacts was an individual named Gail McLean, with an address in Tacoma, Washington, and the phone number 253 441 6440.  Among the things requested of Gail were videos of Gail engaged in bestiality, fetish behavior involving feces, and "kid videos." KELLAR provided his email addresses to investigators as:  michaelkellar@comcast.net and michaelkellar01@gmail.com, and said he has communicated with BURNWORTH from his accounts to at least one account belonging to the BURNWORTH that he could recall:  gburnworth983@gmail.com.

   g. Based on KELLAR's text conversation as well as his statement, Det. Jourdenais concluded that KELLAR and Gail, later identified as GAIL BURNWORTH xx/xx/1966, were collaborating to molest children, as well as film the assault. At that point, KELLAR was arrested and taken into custody.

   h. Det. Jourdenais contacted Det. Conine from the Seattle Internet Crimes Against Children Task Force for assistance. Det. Conine sent Det. Jourdenais an email that included a picture from GAIL BURNWORTH's driver's license, Washington DL # BURNXXXXXXXX.  After being shown this photo, KELLAR identified GAIL BURNWORTH as the person with whom he had been texting.

   i. KELLAR's interview continued after he was taken into custody and advised of his constitutional rights.  Among other things, KELLAR acknowledged being aware that BURNWORTH lived with three minors, two of whom he described as "young," and that he likely had a sexual interest in children. However, when confronted about the specific references to abusing these children, he said he was engaged in fantasy.

  6. I have reviewed a portion of the text conversation referenced by Det. Jourdenais that took place in late July 2017. These excerpts reflect, among other things, a conversation between KELLAR and BURNWORTH in which KELLAR and BURNWORTH discuss engaging in sexual acts with a boy and a girl, believed to be CV1 and CV2.  KELLAR discusses BURNWORTH performing sex acts on both children and her assisting him in anally raping each child. The two also discuss giving the children Benadryl so they will be unconscious during the abuse. It appears that this exchange is what KELLAR explained to Det. Jourdenais was simply fantasy.

Affidavit of Ingrid Arbuthnot-Stohl- 4
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.      As noted above, the case was referred to Det. Conine with the Seattle Police Department. I have reviewed a search warrant affidavit prepared by Det. Conine and provide a summary of his investigation below:

a.      Det. Conine received the case referral from the San Jose Police Department on July 31, 2017. Det. Conine reviewed the photographs of the text conversation between KELLAR and BURNWORTH.

b.      In one of the photographs taken by RW, BURNWORTH says, "Honey I went … by taking pics… the kids and th.. when they fall a… sleep I well I will… take the little Girl and then I will hold out her panties and spread her legs and take pictures of her little p**** and then I'll take my finger and gently rub your p**** Very Jack Knight and then I…" (Part of the message was blocked by KELLAR's head.)

c.      Another photograph depicts an exchange were KELLAR asks, "…you can do this or are you just saying this???" Gail then responds, "No I think I can-do it if I don't have parents over my shoulder or worried about who's going to walk in on me And then on Sunday I will have the kids no parents just kids."

8.      I have reviewed reports and engaged in conversations with Det. Conine and Special Agent Kyle McNeal of the Federal Bureau of Investigation.  Below is a summary of their investigation:

a.      On July 31, 2017, Det. Conine obtained a search warrant for GAIL LYNN BURNWORTH and her Tacoma, Washington, residence.  Det. Conine also obtained a search warrant for MICHAEL KELLAR's Tacoma, Washington, home.  Law enforcement arrived at BURNWORTH's home, which she shares with K.B., A.B., and three minors. Upon arriving at the home, law enforcement learned from the other occupants that BURNWORTH was housesitting at another home just a few blocks away. Upon identifying this home, Det. Conine and SA McNeal traveled there to interview BURNWORTH.

b.      Upon arriving at this residence, GAIL BURNWORTH opened the door and allowed Det. Conine and SA McNeal to enter. She was concerned, and they advised her that a search warrant was being executed at her residence and that they wished to speak with her about the investigation.  BURNWORTH had a cellphone in her hand when she came to the door and as they stepped into the home, she walked over to a couch and sat down next to an open laptop computer, which she said was hers.  Det. Conine and SA McNeal advised BURNWORTH that because they were inside a home that did not belong to her, they would prefer to interview her outside in an unmarked van. She agreed to go outside and speak with them.

Affidavit of Ingrid Arbuthnot-Stohl- 5
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1         c.     BURNWORTH's cellphone and laptop computer were seized as
2    evidence. Though she stated she was staying at the home for several days and had other
     property inside, none of her other belongings, nor any part of the residence were searched by
3    law enforcement.

4         d.     Det. Conine and SA McNeal escorted BURNWORTH to an unmarked
5    police van and began the interview, which was audio and video recorded. Though she was
     advised that she was not under arrest and was not placed in handcuffs, out of an abundance
6    of caution, Det. Conine advised BURNWORTH of her *Miranda* rights, which she said she
7    understood.

8         e.     During the interview, BURNWORTH admitted that she knew
9    MICHAEL KELLAR and that she had met him in person on multiple occasions.
     BURNWORTH said that she met KELLAR on match.com about a year ago and that since
10   that time, she has visited his home several times. She confirmed that the two engaged in
11   sexual intercourse and fetish behavior involving feces. She said that several of these
     encounters were video recorded.
12

13        f.     After some discussion, BURNWORTH acknowledged that she had a
     sexual interest in children and that she is attracted to both boys and girls. She said her
14   preference was prepubescent children. BURNWORTH stated that she produced several
15   videos of CV1 in which CV1 was nude. She said that she recorded CV1 when she knew CV1
     would be nude or changing in order to avoid drawing attention to her activities. She said she
16   never tried to perform any sexual acts on CV1.

17

18        g.     BURNWORTH also stated that she sexually assaulted and produced
     approximately ten depictions of child pornography involving CV2. She said that on multiple
19   occasions, she would bathe CV2 and record those interactions with her cell phone. She said
20   that she also recorded herself touching CV2's chest and digitally penetrating CV2's vagina
     and anus.
21

22        h.     BURNWORTH estimated she created as many as fifteen to twenty
     depictions of CV1 and CV2 in total. She said that after producing these images and videos,
23   she sent them to KELLAR via email using one of several email accounts. BURNWORTH
24   then deleted the files per the direction of KELLAR.

25        i.     BURNWORTH acknowledged that she had a discussion with KELLAR
26   in which she was arranging a time for KELLAR to have a sexual encounter with CV1 and
     CV2. Initially, BURNWORTH stated that she would not have sex with the children. When
27   asked if she would touch the children and participate in the encounter, however,
28   BURNWORTH said, "probably." When asked if she would have taken pictures or videos of

1  the encounter, BURNWORTH also said, "probably." BURNWORTH advised that KELLAR
2  ultimately backed out on the arrangement before the appointed time, telling her, "Well, I'm
   not coming, because I know you won't go through with this." BURNWORTH stated that
3  she did not even have access to CV1 and CV2 at the time she and KELLAR planned the
4  encounter.

5          j.      Despite her initial denial, BURNWORTH ultimately admitted that had
   the opportunity presented itself, she would have allowed KELLAR to have sexual
6  intercourse with CV1 and CV2 and that doing so may have required drugging them.

7      9.      As noted above, Det. Conine also obtained a search warrant for KELLAR's
8  home. Based on discussions with executing officers, I learned the following:
9
          a.      On August 1, 2017, ICAC Task Force members arrived at 625 N
10 Jackson Ave, Apt C16, Tacoma, WA 98406. Among the items recovered from the home
11 were a safe, an Apple laptop, Apple desktop computer, Apple iPad, and several external
   storage devices.
12
13         b.      On August 1, 2017, Det. Conine was able to open the safe seized from
   KELLAR's apartment using a code provided by KELLAR to the San Jose police. The
14 contents included a loaded gun, ammunition, a wallet with several credit cards, a vehicle key
15 and title for a 2015 Ford Mustang registered to KELLAR, a gunlock, a framed photograph,
   miscellaneous paperwork, and a thumb drive.
16
17     10.      As noted above, law enforcement seized BURNWORTH's cell phone upon
18 encountering her. A search of that phone revealed hundreds of text communications between
19 KELLAR and BURNWORTH, including the conversation described above that Det.
20 Jourdenais found on KELLAR's phone. I have copied below an excerpt of the messages
21 recovered from BURNWORTH's phone, which show KELLAR and BURNWORTH
22 formulating a plan to sexually exploit two children and for BURNWORTH to take photos of
23 the abuse. The excerpt also shows the two formulate a plan to drug the children so that
24 KELLAR can rape them. In the messages that follow, messages from KELLAR appear with
25 an "M," and messages from BURNWORTH appear with a "G."
26     M - 14470 - 7/28/2017 - So who is all there at the house?
27     G - 14471 - 7/28/2017 - Everyone except my ex husband the grandparents brought the
28         kids back very early this morning

Affidavit of Ingrid Arbuthnot-Stohl- 7
USAO #2017R00821

1    M - 14472 - 7/28/2017 - So the mother is home?

2    M - 14473 - 7/28/2017 - Anyway of getting some pics?

3    G - 14474 - 7/28/2017 - Yes the mother's home

4    M - 14475 - 7/28/2017 - Well anyway of getting some pics?

5    G - 14476 - 7/28/2017 - I can try okay

6    M - 14477 - 7/28/2017 - Thanks

7    M - 14478 - 7/28/2017 - BTW I love watching you eat shit 💩baby!  It really turns me

8    on! ☺Thank you so much!!! 😊

9    G - 14479 - 7/28/2017 - You're welcome but better ones will come OK

10    M - 14480 - 7/28/2017 - That would be GREAT baby! 👌

11    M - 14481 - 7/28/2017 - Now get me some pics 😈

12

13

14    M - 14482 - 7/28/2017 - Pics baby??? Maybe some panty shots???

15    M - 14483 - 7/28/2017 - If so wrestling with her and pulling them to the side?

16    M - 14484 - 7/28/2017 - So no pics ☹

17    G - 14485 - 7/28/2017 - I know right now but they're gonna come over on Sunday and

18    stay with me for the day Camera man to have something planned and [REDACTED]

19    asked me of they could come and stay with me while they go do what they're doing

20    and I said yes

21    G - 14486 - 7/28/2017 - Nomad to say no not right now sorry

22    M - 14487 - 7/28/2017 - What?

23    M - 14488 - 7/28/2017 - Nothing

24    M - 14489 - 7/28/2017 - No one pic?

25    G - 14490 - 7/28/2017 - Honey I'm trying 2 pac and I'm trying to get out of here but if

26    you want pictures of the kids I will do my very best OK

27    G - 14491 - 7/28/2017 - Sweet I'll have a kids on Sunday at Kerry is no adults just me

28    and the kids

Affidavit of Ingrid Arbuthnot-Stohl- 8
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  M - 14492 - 7/28/2017 - Well where are the pics???

2  G - 14493 - 7/28/2017 - I am sorry I layed my phone down I am here

3  G - 14494 - 7/28/2017 - I seen that you called

4  M - 14495 - 7/28/2017 - Yes I did. Where are the pics???

5  G - 14496 - 7/28/2017 - I have left the house and I well have the kids on Sunday

6  G - 14497 - 7/28/2017 - And you can have all the pics you wont

7  M - 14498 - 7/28/2017 - ☺

8  M - 14499 - 7/28/2017 - So what does that mean? Tell me what you are going to do

9  with taking the pics baby?

10  G - 14500 - 7/28/2017 - Honey you well get pictures I promise and you well get a lot

11  of the videos as well

12  M - 14501 - 7/28/2017 - Tell me what kind of pics you'll take for me angel?

13

14  M - 14502 - 7/28/2017 - Well???

15  G - 14503 - 7/28/2017 - Honey I well start by taking pics of the kids and then when

16  they fall a sleep I well I will take the little Girl and then I will hold out her panties and

17  spread her legs and take pictures of her little p**** and then I'll take my finger and

18  gently rub your p**** Very Jack Knight and then I will take my Finger and stick it In

19  her p**** and slowly Robert in-and-out and then I will take her in turnover and

20  Annabelle open upper cheeks he could see her a****** and then I will stick my finger

21  in her a** I gently rub it and then stick my finger in-and-out of it

22  G - 14504 - 7/28/2017 - And then I'll take the boy and I pull down his pants And

23  stroke his d*** until its heart and then I will put my mouth on his d*** I'm very

24  gently rub my mouth on it and then I will turn him over its bright his butt cheeks apart

25  and show you his a****** I will rub his a****** and I will take My finger and gently

26  put it in-and-out of his Butthole

27  M - 14505 - 7/28/2017 - Do you really think you can do this or are you just saying

28  this???

Affidavit of Ingrid Arbuthnot-Stohl- 9
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  G - 14506 - 7/28/2017 - No I think I can-do it if I don't have parents over my shoulder
2  or worried about who's going to walk in on me
3  G - 14507 - 7/28/2017 - And then on Sunday I will have the kids no parents just kids
4  M - 14508 - 7/28/2017 - You'll have to give them lots of Benadryl
5  G - 14509 - 7/28/2017 - Honey I know
6  M - 14510 - 7/28/2017 - Do you think I could fuck them?
7  M - 14511 - 7/28/2017 - Well?
8  M - 14512 - 7/28/2017 - I take that as a no???
9  G - 14513 - 7/28/2017 - No honey I am sorry but know
10  M - 14514 - 7/28/2017 - What?
11  G - 14515 - 7/28/2017 -  you ask me if I could f*** the kids I don't think I could bring
12  myself to do that I'm sorry
13  M - 14516 - 7/28/2017 - No me
14  M - 14517 - 7/28/2017 - I thought you said you would suck his little dick and eat her
15  pussy?
16  G - 14518 - 7/28/2017 - Yes honey I well do that but I do not think I can have sex
17  with them
18  G – 14519 - 7/28/2017 - Sweetheart their 5 in 7
19  G - 14520 - 7/28/2017 - Honey is that something you would like to do
20  G - 14521 - 7/28/2017 - Is f***** the kids
21  M - 14522 - 7/28/2017 - So you'll suck his little dick and eat her little pussy?
22  G - 14523 - 7/28/2017 - Yes
23  M - 14524 - 7/28/2017 - Well isn't that sex?
24  G - 14525 - 7/28/2017 - Yes oral sex
25  M - 14526 - 7/28/2017 - So will you do this with me there if you can get them
26  knocked out with Benadryl?
27  G - 14527 - 7/28/2017 - Yes I well
28  M - 14528 - 7/28/2017 - Will you guide my dick in their buttholes?

Affidavit of Ingrid Arbuthnot-Stohl- 10
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  G - 14529 - 7/28/2017 - Did you wanna come here this weekend You can If you
2  would like to
3  G - 14530 - 7/28/2017 - Yes
4  M – 14531 - 7/28/2017 - You will really do this baby???
5  G - 14532 - 7/28/2017 - Yes
6  M - 14533 - 7/28/2017 - Why?
7  G - 14534 - 7/28/2017 - Because I know this is something that you would really like
8  to do-and I would love to do with you
9  M - 14535 - 7/28/2017 - Would you really? Sometimes I think you just do this for me!
10  G - 14536 - 7/28/2017 - I'm doing it because I want to and I know it's a big party your
11  fantasies
12  G - 14537 - 7/28/2017 - Sorry I meant to say big part not party
13  G - 14538 - 7/28/2017 - Sweetheart are you working on your way home
14  M - 14539 - 7/28/2017 - Do you think you can knock them out enough with the
15  Benadryl?
16  G - 14540 - 7/28/2017 - I don't know what we can sure give it a big try
17  M - 14541 - 7/28/2017 - Only if you think it will be safe!
18  M - 14542 - 7/28/2017 - I'd love to butt Fuck her and pull it out with shit on my dick
19  and have you suck it clean while I was cumming!!!
20  //////
21  M - 14747 - 7/31/2017 - Do you have the kids
22  M - 14748 - 7/31/2017 - Will I get all the videos today?
23  G - 14749 - 7/31/2017 - Yes I do
24  G - 14750 - 7/31/2017 - I am going to have them until Tuesday night
25  M - 14751 - 7/31/2017 - Can you take some pics of them right now for me?
26  G - 14752 - 7/31/2017 - Not right now I can't their mother is here bringing me more
27  clothes But in a little while I can okay
28  M - 14753 - 7/31/2017 – When

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    M - 14754 - 7/31/2017 - Can I get all the videos today?

2    G - 14755 - 7/31/2017 - Yes you can have videos today

3    G - 14756 - 7/31/2017 - After she leaves I will start doing videos for you OK

4    ///////

5    M - 14760 - 7/31/2017 - Can I have the following videos today baby: Dog shit eating

6    videos Dog sucking videos  Kids videos

7    M - 14761 - 7/31/2017 - Maybe you can take the dogs outside when she leaves and

8    video then shitting. Then bring it in the house and make the dog shit eating videos?

9    M - 14762 - 7/31/2017 - Then some of the kids in their underwear?

10   G - 14763 - 7/31/2017 - Okay

11   G - 14764 - 7/31/2017 - But she still here

12   G - 14765 - 7/31/2017 - I will let you know when she leaves OK

13   M - 14766 - 7/31/2017 - I'm hoping you are going to make all my videos today baby?

14   G - 14767 - 7/31/2017 - I well make videos of you today☺

15   M - 14768 - 7/31/2017 - And tonight too?

16   M - 14769 - 7/31/2017 - Do you have Benadryl?

17   G - 14770 - 7/31/2017 -Yes I do have Benadryl

18        11.     CV1 and CV2 are both children under the age of twelve.  KELLAR is more

19   than twenty-four months older than both CV1 and CV2.  Were KELLAR to have engaged in

20   sexual intercourse with either, he would be in violation of RCW 9A.44.073, Rape of a Child

21   in the First Degree.

22        12.     On August 4, 2017, SA McNeal appeared before U.S. Magistrate Judge J.

23   Richard Creatura to swear out a complaint charging KELLAR with Attempted Enticement of

24   a Minor in violation of 18 U.S.C. § 2422(b) and both KELLAR and BURNWORTH with

25   conspiring to produce child pornography in violation of 18 U.S.C. § 2251(a), (e).  Magistrate

26   Judge Creatura found the complaint stated probable cause and issued arrest warrants for both

27   KELLAR and BURNWORTH.  On September 6, 2016, a grand jury sitting in the Western

28   District returned an indictment containing the same charges.

Affidavit of Ingrid Arbuthnot-Stohl- 12
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    13.    During the search of BURNWORTH's residence, police also seized a Samsung

2  Galaxy S6 cellphone from her bedroom.  A forensic examination of that device revealed

3  multiple videos depicting CV2 and BURNWORTH.  These videos show CV2 bathing or

4  having just bathed.  In each of these videos, CV2 is nude and in several videos,

5  BURNWORTH is shown rubbing CV2's nipples and genitals with a towel.  These videos

6  appear consistent with the description BURNWORTH gave of the exploitive videos she

7  created involving CV2.  The metadata for these videos suggest they were created in June

8  2017.  According to Det. Randy Kyburz, the forensic analyst who examined the phone, these

9  videos were recovered from a location on the phone suggesting that the user of the phone had

10  attempted to email them.

11    14.    According to BURNWORTH, she sent  many of the depictions of CV1 and

12  CV2 to KELLAR via email.  When asked, BURNWORTH recalled using several different

13  email accounts to do so:  gburnworth983@gmail.com, gailmclean49@gmail.com,

14  gailmclean19@gmail.com, and ritadown19@gmail.com.  During a forensic examination of a

15  Samsung Galaxy S3 cellular phone seized from BURNWORTH, Seattle Police Department

16  Detective Randy Kyburz also identified the following email accounts were associated with

17  that phone:  ritadownunder37@gmail.com and ritadown50@gmail.com.  Det. Kyburz also

18  recovered emails sent from ritadownunder37@gmail.com to michaelkellar@comcast.net.

19    15.    During his interview with the police, KELLAR identified two email accounts

20  that he regularly used:  michaelkellar@comcast.net and michaelkellar01@gmail.com.

21  **BACKGROUND REGARDING SERVICES OF GOOGLE and COMCAST**

22    16.    In my training and experience, I have learned that Google and Comcast

23  provide a variety of on-line services, including electronic mail ("email") access, to the

24  general public.  Google allows subscribers to obtain email accounts at the domain name

25  gmail.com, like the gburnworth983@gmail.com email account listed in Attachment A.

26  Comcast allows subscribers to obtain email accounts at the domain name comcast.net, like

27  the michaelkellar@comcast.net account listed in Attachment A.

28

Affidavit of Ingrid Arbuthnot-Stohl- 13
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

17.     Subscribers obtain an account by registering with Google or Comcast. When doing so, email providers like Google and Comcast ask the subscriber to provide certain personal identifying information. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users, and to help establish who has dominion and control over the account.

18.     Email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's Gmail website or Comcast's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account, which can help establish the individual or individuals who had dominion and control over the account.

19.     In general, an email that is sent to a Google or Comcast subscriber is stored in the subscriber's "inbox" on Google's Gmail servers and Comcast's email servers until the subscriber deletes the email. If the subscriber does not delete the message, the message can remain on Google's servers or Comcast's servers indefinitely. Even if the subscriber deletes the email, it may continue to be available on Google's servers or Comcast's serversfor a certain period of time.

20.     When the subscriber sends an email, it is initiated at the user's computer, transferred via the Internet to the internet provider's servers, and then transmitted to its end

1 destination.  Google and Comcast often maintain a copy of the email sent.  Unless the sender

2 of the email specifically deletes the email from the Google server or Comcast server, the

3 email can remain on the system indefinitely.  Even if the sender deletes the email, it may

4 continue to be available on Google's servers or Comcast's servers for a certain period of

5 time.

6     21.    A sent or received email typically includes the content of the message, source

7 and destination addresses, the date and time at which the email was sent, and the size and

8 length of the email.  If an email user writes a draft message but does not send it, that message

9 may also be saved by Google or Comcast, but may not include all of these categories of data.

10     22.    A Comcast subscriber can also store files, including emails, on servers

11 maintained and/or owned by Comcast..

12     23.    A subscriber to a Google Gmail account can also store files, including address

13 books, contact lists, calendar data, photographs and other files, on servers maintained and/or

14 owned by Google.  For example, Google offers users a calendar service that users may

15 utilize to organize their schedule and share events with others.  Google also offers users a

16 service called Google Drive that may be used to store data and documents.  The Google

17 Drive service may be used to store documents including spreadsheets, written documents

18 (such as Word or Word Perfect) and other documents that could be used to manage a

19 website.  Google Drive allows users to share their documents with others or the public

20 depending on the settings selected by the account holder.  Google also provides its users with

21 access to the photo storage service "Picasa."  Picasa can be used to create photo albums,

22 store photographs, and share photographs with others.  Another Google service called "You

23 Tube" allows users to view, store and share videos.  Google also provides a service called

24 "Google Analytics.  Google Analytics is a Google service that monitors website traffic and

25 provides subscribers with data relating to how much traffic is visiting the subscriber's

26 website, which sections of the subscriber's website users are visiting, how long users are

27 staying on particular sections of the site, and the geographical source of users visiting the

28 website, among other things.

Affidavit of Ingrid Arbuthnot-Stohl- 15.
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

24.    In some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

## PAST EFFORTS TO OBTAIN THIS EVIDENCE

25.    This evidence has not been previously available to me or other agents.  On July 31, 2017, San Jose Police Department sent a preservation letter to Google, requesting that they preserve all evidence related to the accounts, michaelkellar@comcast.net, michaelkellar01@gmail.com, and gburnworth983@gmail.com, for a period of 90 days.  Google provided the reference numbers 1163635 and 1163637.  Comcast did not provide reference number.  On August 1, 2017, Seattle Police Department sent a preservation letter to Google, requesting that the preserve all evidence related to the accounts, gailmclean49@gmail.com, gburnworth983@gmail.com, ritadown19@gmail.com, and gailmclean19@gmail.com, for a period of 90 days.  Google provided the reference number 1163836.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

26.    Pursuant to Title 18, United States Code, Section 2703(g), this application and affidavit for a search warrant seeks authorization to permit Google and their agents and employees, and Comcast and their agents and employees to assist agents in the execution of this warrant.  Once issued, the search warrant will be presented to Google and Comcast, with direction that the companies should identify the Google account or Comcast account described in Attachment A to this affidavit, as well as other subscriber and log records associated with the accounts, as set forth in Section I of Attachment B(Google) or Attachment C (Comcast) of this affidavit.

Affidavit of Ingrid Arbuthnot-Stohl- 16
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

27.     The search warrant will direct Google and Comcast to create an exact copy of the specified account and records.

28.     I, and/or other law enforcement personnel will thereafter review the copy of the electronically stored data, and identify from among that content those items that come within the items identified in Section II to Attachments B and C for seizure.

29.     Analyzing the data contained in the forensic image may require special technical skills, equipment, and software.  It could also be very time-consuming.  Searching by keywords, for example, can yield thousands of "hits," each of which must then be reviewed in context by the examiner to determine whether the data is within the scope of the warrant.  Merely finding a relevant "hit" does not end the review process.  Keywords used originally need to be modified continuously, based on interim results.  Certain file formats, moreover, do not lend themselves to keyword searches, as keywords, search text, and many common email, database and spreadsheet applications do not store data as searchable text.  The data may be saved, instead, in proprietary non-text format.  And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases, as well.   Consistent with the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months.  All forensic analysis of the data will employ only those search protocols and methodologies reasonably designed to identify and seize the items identified in Section II of Attachment B to the warrant.

30.     Based on my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to review and seize a variety of email communications, chat logs and documents, that identify any users of the subject account and emails sent or received in temporal proximity to incriminating emails that provide context to the incriminating communications.

Affidavit of Ingrid Arbuthnot-Stohl- 17
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

31.     Based on the forgoing, I request that the Court issue the proposed search warrants. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Accordingly, by this Affidavit and Warrant I seek authority for the government to search all of the items specified in Section I of Attachments B and C and specifically to seize all of the data, documents, and records that are identified in Section II to of those same Attachments.

Dated this _29_ day of September, 2017.

Ingrid Arbuthnot-Stohl, Affiant
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this _29_ day of September, 2017.

DAVID W. CHRISTEL
United States Magistrate Judge

Affidavit of Ingrid Arbuthnot-Stohl- 18
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT A

### Accounts to be Searched

The electronically stored data, information and communications contained in, related to, and associated with, including all preserved data under reference numbers 1163635, 1163637, and 1163836, associated with Google accounts gailmclean49@gmail.com, gburnworth983@gmail.com, ritadown19@gmail.com, gailmclean19@gmail.com, ritadownunder37@gmail.com, ritadown50@gmail.com, and michaelkellar01@gmail.com, as well as all other subscriber and log records associated with the accounts, which are located at premises owned, maintained, controlled or operated by Google, an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

The electronically stored data, information and communications contained in, related to, and associated with, including all preserved data associated with Comcast Cable Communications account michaelkellar@comcast.net, as well as all other subscriber and log records associated with the account, which are located at premises owned, maintained, controlled or operated by Comcast Cable Communications, an email provider headquartered at 650 Centerton Road, Moorestown, NJ 08057.

ATTACHMENT A - 1
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

I.    **Section I - Information to be disclosed by Google for search:**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, including any emails, records, files, logs, or information that has been deleted but is still available to Google.   Google is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.    The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email, and any attachments to such emails;

b.    All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.    The types of service utilized;

d.    All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, instant messages, and instant messenger contact information, calendar data, pictures, and files.

e.    All records pertaining to communications between Google and any person regarding the account, including contacts with support services and records of actions taken.

II.    **Section II  - Information to be seized by the government**

All information described above in Section I that constitutes contraband, evidence, fruits, or instrumentalities of the following crimes committed in or after June 2016: 18 U.S.C. § 2251(a), (e) (Conspiracy to Produce Child Pornography), 18 U.S.C. § 2252(a)(2)

ATTACHMENT B - 1
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

(Receipt or Distribution of Child Pornography), 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography), and 18 U.S.C. § 2422(b) (Attempted Enticement of a Minor),

        a.     All email or other communications related to visual depictions of minors engaged in sexually explicit conduct or the sexual exploitation/abuse of minors;

        b.     All email or other communications related to the conspiracy to produce child pornography involving MICHAEL KELLAR and GAIL BURNWORTH, including those that identify the participants or acts committed in furtherance of that conspiracy;

        c.     All visual depictions of minors engaged in sexually explicit conduct;

        d.     All messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the account specified, or who exercise in any way any dominion or control over the specified account;

        e.     Any address lists or buddy/contact lists associated with the specified account;

        f.     All subscriber records associated with the specified account, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

        g.     Any and all other log records, including IP address captures, associated with the specified account; and

        h.     Any records of communications between Google and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account.  This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

**Notwithstanding the criminal offenses defined under 18 U.S.C. § 2252 and 2252A or any similar criminal offense, Google shall disclose information responsive to this warrant by mailing it to Federal Bureau of Investigation, Attn: Special Agent Ingrid Arbuthnot-Stohl at 1110 Third Ave, Seattle, WA 98101 or via email to iarbuthnot-stohl@fbi.gov.**

ATTACHMENT B - 2
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT C

**I.      Section I - Information to be disclosed by Comcast Cable Communications for search:**

  To the extent that the information described in Attachment A is within the possession, custody, or control of Comcast, including any emails, records, files, logs, or information that has been deleted but is still available to Comcast.   Comcast is required to disclose the following information to the government for each account or identifier listed in Attachment A:

   a.      The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email, and any attachments to such emails;

   b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

   c.      The types of service utilized;

   d.      All records pertaining to communications between Comcast and any person regarding the account, including contacts with support services and records of actions taken.

**II.      Section II - Information to be seized by the government**

  All information described above in Section I that constitutes contraband, evidence, fruits, or instrumentalities of the following crimes committed in or after June 2016: 18 U.S.C. § 2251(a), (e) (Conspiracy to Produce Child Pornography), 18 U.S.C. § 2252(a)(2) (Receipt or Distribution of Child Pornography), 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography), and 18 U.S.C. § 2422(b) (Attempted Enticement of a Minor),

ATTACHMENT C - 1
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.    All email or other communications related to visual depictions of minors engaged in sexually explicit conduct or the sexual exploitation/abuse of minors;

b.    All email or other communications related to the conspiracy to produce child pornography involving MICHAEL KELLAR and GAIL BURNWORTH, including those that identify the participants or acts committed in furtherance of that conspiracy;

c.    All visual depictions of minors engaged in sexually explicit conduct;

d.    All messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the account specified, or who exercise in any way any dominion or control over the specified account;

e.    All subscriber records associated with the specified account, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

f.    Any and all other log records, including IP address captures, associated with the specified account; and

g.    Any records of communications between Google and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account.  This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

**Notwithstanding the criminal offenses defined under 18 U.S.C. § 2252 and 2252A or any similar criminal offense, Google shall disclose information responsive to this warrant by mailing it to Federal Bureau of Investigation, Attn: Special Agent Ingrid Arbuthnot-Stohl at 1110 Third Ave, Seattle, WA 98101 or via email to iarbuthnot-stohl@fbi.gov.**

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct.  I am employed by

_____ and my official title is _____. I am a custodian of records for _____ I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of

_____ and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.     such records were kept in the ordinary course of a regularly conducted business activity of _____ and

    c.     such records were made by _____ as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

Date _____     Signature _____

CERTIFICATE OF AUTHENTICITY - 1
USAO #2017R00821

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970